ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, SECOND CIRCUIT, PARISH OF DESOTO
Writ denied.
GENOVESE,J., would grant in part and assigns reasons.
GENOVESE, J., would grant in part for the following assigned reasons:
I would grant this writ solely to correct the trial court's failure to comply with the mandates of La.Code Crim.P. art. 873. Defendant absconded during his jury trial. He was found guilty of a felony (possession of a firearm by a convicted felon) in abstentia by unanimous verdict. He was later apprehended and brought to court for sentencing wherein he represented himself without stand-by counsel. At that appearance and before his sentencing, Defendant made an oral pro se motion for a new trial, which was denied instanter, and the trial court immediately sentenced Defendant (without any delay) to fourteen years at hard labor, without benefits, and imposed a $1,000.00 fine. In denying this writ outright, the majority ignored the trial court's failure to comply with La.Code Crim.P. art. 873 relative to the delay between conviction *581 and sentence. Louisiana Code of Criminal Procedure Article 873 states in pertinent part: "If a motion for a new trial ... is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled." In this case, Defendant was sentenced by the trial court immediately after overruling his oral pro se motion for a new trial. This was legal error in direct contravention of the mandate ("shall") of La.Code Crim.P. art. 873. Thus, I would grant this writ in part for the sole purpose of vacating Defendant's sentence and remanding the matter to the trial court for resentencing in accordance with La.Code Crim.P. art. 873. I would deny all other aspects of this writ.